# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

             Respondent/Plaintiff,

vs.

JUSTIN VENEGAS,

             Petitioner/Defendant.

Case No.: 2:22-cr-00196-GMN-VCF-1

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Pending before the Court is Petitioner Justin Venegas's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion"), (ECF No. 57), his Supplement[1] to the § 2255 Motion, (ECF No. 65), and his Motion for Leave to File Attachments[2] to the § 2255 Motion, (ECF No. 66). The Government filed a Response, (ECF No. 70). Petitioner did not reply and the time to do so has passed. Further pending before the Court is Petitioner's Motion to Strike Government's Response, (ECF No. 69), as untimely. The Government did not respond and the time to do so has passed.

Because Petitioner's § 2255 Motion is time-barred, the Court DENIES Petitioner's § 2255 Motion. Moreover, because the Government's Response was timely filed, the Court DENIES Petitioner's Motion to Strike.[3]

---

[1] The Court granted Petitioner's request to file a Supplement to his § 2255 Motion. (*See* Minute Order, ECF No. 64). Accordingly, Petitioner filed the Supplement, (ECF No. 65). Along, with the Supplement, Petitioner filed a Motion for Leave to amend to relate the Supplement back to his original § 2255 Motion and to file excess pages. For good cause appearing, the Motion for Leave is GRANTED.

[2] For good cause appearing, the Motion for Leave to File Attachments is GRANTED.

[3] The Government had until January 12, 2026, to respond to Petitioner's supplemented § 2255 Motion. (*See* Extension Order, ECF No. 68). The Government timely filed its Response on January 12, 2026.

## I.    BACKGROUND

On September 13, 2022, the federal grand jury in the District of Nevada returned a five-count Indictment against Petitioner for Car Jacking (Counts 1 and 3), Brandishing a Firearm During and in Relation to a Crime of Violence (Count 2), Discharging a Firearm During and in Relation to a Crime of Violence (Count 4), and Felon in Possession of a Firearm (Count 5). (*See generally* Indictment, ECF No. 1).  On June 21, 2023, the Government filed a five-count Information against Petitioner for Car Jacking (Counts 1 and 3), Brandishing a Firearm During and in Relation to a Crime of Violence (Count 2), Felon in Possession of a Firearm (Count 4), and Assault on a Federal Officer and Employee—Infliction of Bodily Injury (Count 5). (*See generally* Information, ECF No. 35).  Petitioner waived the Indictment, (ECF No. 34), signed a plea agreement pleading guilty to all counts of the Information, (ECF No. 37), and entered his change of plea on June 21, 2023, (ECF No. 38).  Petitioner did not file any appeals.  Petitioner now files the instant § 2255 Motion which the Court discusses below.

## II.    LEGAL STANDARD

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." *See Davis v. United States*, 417 U.S. 333, 344–45 (1974).  To warrant relief, the prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("Brecht's harmless error standard applies to habeas cases under section 2255[.]").  Relief is warranted only upon the showing of "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346.

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996).  To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *Id*.  Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

## III.    <u>DISCUSSION</u>

Petitioner filed the instant § 2255 Motion, arguing that his conviction and sentence should be vacated because 18 U.S.C. § 924(c)(1)(A) (Brandishing a Firearm During and in Relation to a Crime of Violence) is unconstitutional because it violates the separation of powers doctrine and is void for vagueness. (*See generally* § 2255 Mot.).  Because the § 2255 Motion can conclusively be decided based on the existing record, the Court need not hold an evidentiary hearing.  Moreover, the Court need not address the merits of Petitioner's § 2255 Motion because it is time-barred.

A request for relief under 28 U.S.C. § 2255 must be brought within one year from the latest of (1) "the date on which the judgment of conviction becomes final"; (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action"; (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (4) "the date on

which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

Petitioner was sentenced on October 2, 2023, and had two weeks to file a notice of appeal, but did not do so. (*See* J., ECF No. 45).  Petitioner's judgment of conviction therefore became final on October 16, 2023, and the § 2255 one-year clock began to run on that date.  Any § 2255 motion should have been filed by or before October 16, 2024.  Petitioner filed this § 2255 motion on October 6, 2025, and amended it on November 12, 2025, making it untimely by almost a year.  Petitioner claims the one-year statute of limitations has not begun to run because the Government continues to pursue 18 U.S.C. § 924(c)(1)(A)(ii) cases. (Suppl. at 5, ECF No. 65-1).  He also argues his § 2255 Motion is timely because the clock was not running while he was denied access to a law library until June 2025. (*Id.*).

As to Petitioner's first argument, the fact that the Government continues to pursue 18 U.S.C. § 924(c)(1)(A)(ii) cases is not a triggering event under § 2255(f).  Moving on to Petitioner's second argument—that he lacked access to the law library, so his motion is timely—the record supports a finding that Petitioner *did* have access to the law library.  Petitioner originally stated he was denied access to the courts until June 18, 2025. (*Id.*).  However, Petitioner subsequently stated that he accessed the law library six times between December 11, 2023, to June 18, 2025. (Mot. Leave to File Attachments at 10, ECF No. 66).  Additionally, Petitioner's representation by court-appointed counsel did not end on October 3, 2023, when the final judgment was entered.  Petitioner's federal public defender continued her representation and filed a Joint Status Report, (ECF No. 48), on October 23, 2023, and an Unopposed Motion to Revise Presentence Investigation Report on May 14, 2025, (ECF No. 49).  Petitioner does not claim to have made any requests to his attorney to research this legal argument.  Accordingly, there exists no reason to consider Petitioner's § 2255 Motion as being timely brought.  Thus, the § 2255 Motion is DENIED as untimely, and Petitioner is DENIED a

Certificate of Appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551–52 (9th Cir. 2001).

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's § 2255 Motion, (ECF No. 57), is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Amend and File Excess Pages, (ECF No. 65), is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to File Attachments, (ECF No. 66), is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Strike, (ECF No. 69), is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave, (ECF No. 71), is **DENIED as moot**.

The Clerk of Court is kindly directed to enter a separate judgment on the docket. *See Kingsbury v. United States*, 900 F.3d 1147 (9th Cir. 2018).

**DATED** this ___29___ day of January, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court