**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

                    Plaintiff,

          vs.

JUSTIN VENEGAS,

                    Petitioner/Defendant.

Case No.: 2:22-cr-00196-GMN-VCF

**ORDER DENYING PETITIONER'S MOTION FOR RELEASE ON PERSONAL RECOGNIZANCE**

Pending before the Court is the Motion for Release on Personal Recognizance Without Surety, (ECF No. 78), filed by Petitioner/Defendant Justin Venegas.  The Government filed a Response, (ECF No. 81).  Petitioner did not reply and the time to do so has passed.

I.    **BACKGROUND**

On September 13, 2022, the federal grand jury in the District of Nevada returned a five-count Indictment against Petitioner for Car Jacking (Counts 1 and 3), Brandishing a Firearm During and in Relation to a Crime of Violence (Count 2), Discharging a Firearm During and in Relation to a Crime of Violence (Count 4), and Felon in Possession of a Firearm (Count 5). (*See generally* Indictment, ECF No. 1).  On June 21, 2023, the Government filed a five-count Information against Petitioner for Car Jacking (Counts 1 and 3), Brandishing a Firearm During and in Relation to a Crime of Violence (Count 2), Felon in Possession of a Firearm (Count 4), and Assault on a Federal Officer and Employee—Infliction of Bodily Injury (Count 5). (*See generally* Information, ECF No. 35).  Petitioner waived the Indictment, (ECF No. 34), signed a plea agreement pleading guilty to all counts of the Information, (ECF No. 37), and entered his change of plea on June 21, 2023, (ECF No. 38).  Petitioner was sentenced and did not file any appeals.

Petitioner later filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion"), (ECF No. 57), and a permissible Supplement, (ECF No. 65), which the Court denied because the § 2255 Motion was time barred. (*See* Order, ECF No. 72). Petitioner thereafter appealed the Court's Order. (*See* Notice of Appeal, ECF No. 74).  The appeal remains pending as of the date of this Order.  Petitioner then filed a Motion for Reconsideration but failed to cite points or authorities to support his motion. (*See generally* Mot. Reconsideration, ECF No. 80).  Instead, Petitioner sought to relitigate his Motion to Vacate, Set Aside, or Correct Sentence, making it appear to be a successive, impermissible § 2255 Motion.  Because Petitioner's motion was unsupported and successive, the Court denied it. (*See* Minute Order, ECF No. 83).  Around the same time that he filed a successive § 2255 Motion, Petitioner moved the Court to be released on a personal recognizance bond pending his appeal before the Ninth Circuit.  The Court addresses this Motion below.

## II.    LEGAL STANDARD

A petitioner's detention or release pending an appeal of the denial of their § 2255 Motion is governed by Federal Rule of Appellate Procedure ("FRAP") 23. *United States v. Dade*, 959 F.3d 1136, 1137 (9th Cir. 2020).  Under FRAP 23(b), "[w]hile a decision not to release a prisoner is under review, the court or judge rendering the decision" may order that the prisoner be "detained in the custody from which release is sought," "detained in other appropriate custody," or "released on personal recognizance, with or without surety." Fed. R. Appellate P. 23(b).  FRAP 23(b) "does not itself set forth any substantive criteria for determining detention or release, and our decision is instead governed by equitable considerations." *Dade*, 959 F.3d at 1138.  "Release pending appeal of the denial of a § 2255 motion is 'reserved . . . for extraordinary cases.'" *Id.* at 1138 (quoting *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994), *as amended* (Feb. 8, 1995)).  This requires a petitioner "to make a heightened showing beyond what would be required to warrant release on a direct criminal appeal." *Id.* (citation

modified).  Thus, to warrant release under FRAP 23(b), a petitioner must demonstrate (1) "a likelihood of success on the merits" and (2) a "showing of exceptional circumstances that go beyond what would be required to justify his release if this were a direct appeal rather than a § 2255 collateral attack." *Id.*

**III.    DISCUSSION**

Petitioner moves to be released pending his appeal before the Ninth Circuit, arguing that he has a high probability of success on the merits of his appeal. (*See generally* Mot. for Release, ECF No. 78).  The Court disagrees.  Petitioner's § 2255 Motion was denied because it was untimely brought.  Petitioner therefore fails to demonstrate a likelihood of success on the merits.  Moreover, Petitioner wholly fails to address the second element required to warrant his release, and thus consents to this motion's denial: a "showing of exceptional circumstances that go beyond what would be required to justify his release if this were a direct appeal rather than a § 2255 collateral attack." *Dade*, 959 F.3d at 1138; *see also* LR 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion.").  Thus, Petitioner fails to establish either element articulated in *Dade*, and is therefore not entitled to release under FRAP 23(b).

**IV.    CONCLUSION**

**IT IS HEREBY ORDERED** that Petitioner's Motion for Release on Personal Recognizance Without Surety, (ECF No. 78), is **DENIED**.

**DATED** this __12__ day of May, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court